MORSS v. BURNS et al.

(Supreme Court, General Term, Second Department. February 8, 1892.)

MORTGAGES—FORECLOSURE—DELINQUENT TAXES—RIGHTS OF MORTGAGEE.

A senior mortgagee released his lien, as to a portion of the mortgaged premises, in favor of a junior mortgagee. On foreclosure of the first mortgage the referee improperly sold the whole premises. Delinquent taxes on the land were paid out of the proceeds of the sale by the referee, and the tax-title assigned to the purchaser. Held, that such assignment did not create in the purchaser title paramount to that of the junior mortgagee; the taxes having been paid out of the proceeds of the land, and not by the purchaser.

Appeal from special term, Westchester county.

Action by Anne A. Morss against Edward Burns and others to foreclose a mortgage. A prior mortgage existed in favor of one Hawley D. Clapp, but he had released the same in plaintiff's favor as to the premises covered by her mortgage. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and PRATT, J.

Arnoux, Ritch & Woodford, (Wm. H. Arnoux and C. N. Bovee, Jr., of counsel,) for appellant. Billings & Cardozo, (Michael H. Cardozo, of counsel,) for respondent Burns. Wilson Brown, Jr., for respondent Parker.

BARNARD, P. J. On the 24th of September, 1870, Thomas R. Hawley was the owner in fee of a considerable tract of land in Westchester county. On that day Hawley and wife executed and delivered to one Hawley D. Clapp a mortgage for $150,000. The premises described in the complaint were part of the premises described in the Clapp mortgage. Accompanying the mortgage, there was an agreement between Clapp and Hawley and Mrs. Hawley in respect to the division of the proceeds of the sales moneys for the premises described in the mortgage. In 1874 Clapp began a foreclosure of the $150,000 mortgage. The court of appeals gave a new trial; and the final judgment, in May, 1881, resulted in dismissing the complaint as to the plaintiff. She took her mortgage in June, 1879; and, at the time she took it, Hawley and wife had the right to give theirs. When the sale was made under the judgment in accordance with the remittitur of the court of appeals, there were taxes on certain of the property, and the property described in the plaintiff's mortgage was subject to back taxes. The defendants Burns and Parker bought at the sale. The back taxes were paid in cash to them from the proceeds of the sales, and they took the tax-title in aid of their own. This did

not make their title paramount to plaintiff's. The purchasers paid nothing but what they agreed to pay for the land, and the court paid the taxes out of the moneys belonging to those persons who should have paid the taxes before. The referee, by the decree, was directed to pay the back taxes first. These tax certificates did not displace the plaintiff from her lien, and the taxes since the sale should have been paid by the purchasers. They cannot pay a mortgage in that way. The judgment should be reversed and a new trial granted, with costs to abide event.